# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN W. FINK,<br><br>        Plaintiff,<br><br>   v.<br><br><br>EDGELINK, INC., and<br>KAYDON A. STANZIONE,<br>        Defendants. | Civil No. 09-5078<br>(NLH)(KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

EDWARD ROBERT GROSSI
LAW OFFICE OF EDWARD R. GROSSI, LLC
464 VALLEY BROOK AVE, BOX 911
LYNDHURST, NJ 07071
    On behalf of plaintiff

SAMUEL SHAFFER DALKE
EDWARD T. FISHER
WHITE AND WILLIAMS
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002
    On behalf of EdgeLink, Inc.

GARY M. MAREK
LAW OFFICES OF GARY M. MAREK
7008 NORMANDY DRIVE
MOUNT LAUREL, NJ 08054
    On behalf of Kaydon A. Stanzione

**HILLMAN, District Judge**

This matter having come before the Court on plaintiff's motion for reconsideration of the Court's March 27, 2012 Opinion and Order granting defendants' motion for summary judgment in

defendants' favor;[1] and

Local Civil Rule 7.1(I) providing, in relevant part, "A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact

---

[1]Plaintiff, who had appeared *pro se* during defendants' filing of, and the Court's granting of, the summary judgment motion, filed his motion for reconsideration, also *pro se*, on April 11, 2012.  On April 25, 2012, plaintiff filed an appeal of the Court's March 27, 2012 Opinion and Order with the Third Circuit Court of Appeals.  On May 7, 2012, the Third Circuit stayed his appeal pending the resolution of his motion for reconsideration.  On May 30, 2012, plaintiff obtained counsel, who entered his appearance and then filed a supplemental letter, without leave of Court, in further support of plaintiff's reconsideration motion.  Defendants opposed this Court's consideration of that letter.

or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

The Court having granted summary judgment in defendants' favor on plaintiff's claims that defendants are obligated to pay on contracts plaintiff entered into with an alleged predecessor company of defendants; and

Plaintiff arguing that the grant of summary judgment should be vacated, and the case should go to trial, because the Court overlooked "key aspects of customer relationships,"[2] and because of newly discovered evidence[3]; and

---

[2]Plaintiff also contends that the Court "made no mention" of the resume of a former consultant, and that resume provides proof that defendants are liable for his contract with defendants' predecessor company.  The Court notes that the March 27, 2012 Opinion specifically references the resume on page 15.

[3]The "new" evidence presented by plaintiff are documents he attempted to secure by subpoenas issued in 2010 and 2011, for documents created prior to 2010 and 2011.  Through counsel

The Court finding that plaintiff's motion for reconsideration fails because: (1) it exceeds the page limit (30 pages instead of the allowed 15)[4]; (2) it did not overlook any "key aspects of customer relationships"; and (3) the purported "new" evidence was available prior to the Court's consideration of defendants' motion for summary judgment; and

The Court further finding that plaintiff has simply expressed disagreement with the Court's decision which is an inadequate basis for reconsideration;

Accordingly,

**IT IS HEREBY** on this ___18th___ day of_December___, 2012

**ORDERED** that plaintiff's motion for reconsideration [148] is **DENIED.**


                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey


_____

obtained during the pendency of this motion, plaintiff also contends that a November 2, 2009 transcript of an IP Summit held at Rowan University constitutes "new" evidence.

[4]After defendants opposed plaintiff's motion on the basis of plaintiff's violation of the page limit, plaintiff asked the Court to grant his "retro-request" to file an over-length brief because it was an "innocent error."